**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                              **Case No. 05-40082-01-RDR**

RAUL ADOLFO RIVERA-CASTRO,

           Defendant.

### O R D E R

      This order is issued to record the rulings of the court during the sentencing hearing conducted in the above-captioned case on June 26, 2006.  Defendant appeared for sentencing after pleading guilty to an information charging defendant with possession with intent to distribute MDMA, also known as "ecstasy."  Defendant and the government agreed in the plea bargain to the application of the Sentencing Guidelines to this conviction.  The main issue during the sentencing hearing was whether to grant defendant's objection to the presentence report where he requested a reduction in his offense level under U.S.S.G. § 3B1.2 because of his role in the offense.

      Section 3B1.2 provides for reductions in the offense level for defendants whose part in criminal offenses involving multiple participants makes them "substantially less culpable" than the average participant.  See Application Note 3.  This is a fact-dependent determination.  The court not only compares a defendant's role with that of other participants in the crime of conviction,

but also compares that defendant's role with the conduct of an average participant in that type of crime.  U.S. v. Caruth, 930 F.2d, 811, 815 (10th Cir. 1991).  Defendant has the burden of proving by a preponderance of the evidence that he is entitled to a reduction in his offense level because of his role in the offense.  U.S. v. Lockhart, 37 F.3d 1451, 1455 (10th Cir. 1994).

This case arises from a traffic stop.  Defendant was the only occupant of a pickup truck stopped for speeding.  Pursuant to a consent search, 2,634 grams of "ecstasy" were found in a package hidden in the engine compartment.  Following his arrest defendant told DEA agents that he knew he was transporting drugs in return for $2,000, but that he did not know the type or quantity of drugs.  He said he was supposed to drive the drugs to Topeka, Kansas, check into a motel, and then call for further instructions.  These facts are contained in the presentence report, and there is no objection to them.

During the sentencing hearing, defense counsel emphasized that his client was a college student and a basketball player who was persuaded to make the drug courier trip after he got drunk in a bar in Arizona.  He further noted that defendant cooperated with the officer who searched the vehicle at the roadside and, at the officer's request, eventually drove the truck to an auto shop where the search could be continued.  Government counsel noted, without contradiction, that the interrogation of defendant indicated that he had some knowledge of the members of the drug operation.

The court concluded that defendant did not meet the burden of proving he was entitled to a reduction in the offense level under § 3B1.2 for the following reasons. First, there is little or no evidence from which the court can compare defendant's role in the offense with the role of other persons in the drug operation because the roles of other persons are not described in any detail. Second, defendant was working by himself as the driver of the truck. He was not being watched or supervised by someone else in the truck. Third, defendant was to receive a substantial sum of money in return for transporting the drugs. Fourth, defendant was being trusted to deliver a large amount of drugs over a long distance. Fifth, with the sentence imposed by the court, defendant is being held responsible only for the quantity of drugs found in the truck. As to that specific shipment, defendant's role in making the delivery was as critical to the success of the operation as that of the persons at either end of the intended delivery. Finally, defendant apparently had knowledge of other members of the drug operation. In other words, he was not blind to the all of the details of the operation. For these reasons, defendant's objection was denied.

At one point during the sentencing hearing the court remarked that defendant was illegally in the United States. The court acknowledges that in reality defendant was in the United States legally at the time he was arrested. Defendant's immigration status had no impact upon the court's decision upon his sentence.

A copy of this order shall be transmitted with any copy of the presentence report provided to the Bureau of Prisons.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2006 at Topeka, Kansas.

                                          s/Richard D. Rogers
                                          United States District Judge